# CITATION

## THE STATE OF TEXAS

TO:         Whitney Brewster, Executive Director
Texas Department of Motor Vehicles
4000 Jackson Avenue
Austin, Texas 78731

Larry Roche
Through his attorney of record, James D. Pierce
1 Sugar Creek Center, Suite 1080
Sugar Land, Texas 77478

You are notified that appellant Keystone RV Company filed on October 8, 2015, in this Court, under cause no. 03-15-00644-CV, styled *Keystone RV Company v. Texas Department of Motor Vehicles, Motor Vehicle Division,* a petition for judicial review of an order of the Texas Department of Motor Vehicles, as shown on the petition, copies of which accompany this citation. *See* Tex. Occ. Code Ann. § 2301.752; 43 Tex. Admin. Code § 215.207(8) (2015) (Texas Dep't of Motor Vehicles, Contested Cases: Final Orders). You are commanded to appear before the Court of Appeals for the Third District of Texas, in Austin, Travis County, Texas, in the manner prescribed by subchapter P, chapter 2301 of the Texas Occupations Code and the Texas Rules of Appellate Procedure.

The attorney for Keystone RV Company is:

Christopher J. Lowman
The Lowman Law Firm
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas 77002-4705
Telephone: (713) 752-0777
Facsimile: (713) 752-0778
E-mail: chris@lowmanlaw.com

## NOTICE TO APPELLEES

You have been sued. You may employ an attorney to represent you before this Court. The Court is required to cause citation to be issued. If you or your attorney do not file a brief in compliance with the rules of appellate procedure, the Court may proceed to consideration of the cause without the party's answer or brief.

Date of Issuance: October 16, 2015

GIVEN UNDER MY HAND AND THE SEAL OF THIS COURT, on this the 16th day of October, 2015, at Austin, Travis County, Texas.



_____
Jeffrey D. Kyle
Clerk of the Court of Appeals
Third District of Texas
Price Daniel, Sr. Building
209 West 14th Street, Room 101
Austin, Texas 78701

# RETURN OF CITATION

Received this citation on _____, at _____. Executed at _____, within the County of _____, State of Texas, on _____, at _____, by delivering to _____, at _____, a true copy of this citation together with an accompanying copy of appellant's petition for judicial review, having first endorsed on the citation the date of _____.


My fees for service of process are as follows:

For serving citation:        $_____
Other:_____             $_____
Total Fees                   $_____


To certify which witness my hand.


_____


_____

County of _____,
State of Texas

By:_____

# 03-15-00644-CV

03-15-0064-
729
THIRD COURT OF APPE
AUSTIN, TE
10/8/2015 3:41:3
JEFFREY D. K
CL

CAUSE NO. _____

| | | |
|---|---|---|
| KEYSTONE RV COMPANY, | § | IN THE COURT OF APPEALS |
| | § | |
| *Plaintiff,* | § | 3rd COURT OF APPEALS |
| | § | AUSTIN, TEXAS |
| v. | § | FOR THE THIRD DISTRICT |
| | § | OF TEXAS |
| TEXAS DEPARTMENT OF | § | |
| MOTOR VEHICLES, | § | |
| | § | |
| *Defendant.* | § | AT AUSTIN |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 3:41:34 PM
JEFFREY D. KYLE
Clerk

## PLAINTIFF KEYSTONE RV COMPANY'S
## PETITION FOR JUDICIAL REVIEW

**TO THE HONORABLE COURT:**

Plaintiff Keystone RV Company ("Keystone") respectfully files this Petition for Judicial Review complaining of the Texas Department of Motor Vehicles (the "DMV"). By this Petition, Keystone seeks review of a decision of the DMV pursuant to the Texas Administrative Procedure Act. Keystone will show the Court as follows:

### A.

### Parties.

1. Keystone is an Indiana corporation with its principal place of business in Goshen, Indiana. Keystone is authorized to do business in the State of Texas.

2. Defendant Texas Department of Motor Vehicles is an agency of the State of Texas, and is amenable to suit under 43 TEX. ADMIN. CODE §215.207(8)

1

and TEX. OCC. CODE § 2301.751 *et seq.* (Vernon 2015). The DMV may be served with process through its Executive Director, Whitney Brewster, at the Texas Department of Motor Vehicles, 4000 Jackson Avenue, Austin, Texas 78731.

3.     Larry Roche was a party of record in the proceedings below but does not have an interest in the issues presented in this appeal. Roche may be served through his attorney of record, James D. Pierce, 1 Sugar Creek Center, Suite 1080, Sugar Land, Texas 77478.

## B.

## Jurisdiction.

4.     Keystone has exhausted all administrative remedies available within the DMV and brings this action in the Court of Appeals for the Third District of Texas pursuant to 43 TEX. ADMIN. CODE §215.207(8) and TEX. OCC. CODE §2301.751 (a) (2) (Vernon 2015).

## C.

## Venue.

5.     Venue is proper in the Court of Appeals for the Third District of Texas pursuant to 43 TEX. ADMIN. CODE §215.207(8) and TEX. OCC. CODE § 2301.751 *et seq.* (Vernon 2015).

2

## D.

## Legal Basis for Review.

6. Keystone's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, and decisions by the DMV in this case are:

A. in violation of a constitutional or statutory provision;

B. in excess of the agency's statutory authority;

C. made through unlawful procedure;

D. affected by other error of law;

E. not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

F. arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Texas Administrative Procedure Act, TEX. GOV'T. CODE §2001.174(2) (Vernon 2015).

## E.

## Statement of Facts.

7. This is a proceeding under TEX. OCC. CODE § 2301.601 *et seq.*, commonly referred to as the "lemon law". This case involves a travel trailer manufactured and warranted by Keystone and purchased by Larry Roche, Complainant in the proceedings below. Roche filed a lemon law complaint with the DMV on November 19, 2014, alleging five issues with his travel trailer.

3

8.     On August 1, 2015—before a lemon law hearing was held—the parties reached a settlement under which Keystone agreed to replace Roche's original travel trailer with a newer model. The DMV was notified of the settlement and Roche filed a Motion to Dismiss on August 12, 2015.

9.     Because of the settlement and voluntary dismissal, no hearing was ever held and the DMV never issued an order requiring Keystone to repurchase or replace the subject travel trailer.

10.     On August 13, 2015, the DMV issued an order dismissing the case. *See* Dismissal Order, attached as Exhibit A. However, instead of a straightforward dismissal order, the DMV imposed six (6) additional obligations on Keystone which were not part of the settlement agreement and which exceed the DMV's statutory authority. *See* Dismissal Order, conditions 1-6.

11.     Keystone filed a Motion for Rehearing on September 2, 2015, objecting to the six obligations imposed by the DMV in its Dismissal Order. The DMV denied Keystone's Motion for Rehearing by order dated September 8, 2015.

### F.

### Summary of the Argument.

12.     Because this case was settled prior to hearing and because there was no repurchase or replacement order issued by the DMV, the six (6) obligations imposed on Keystone in the Dismissal Order have no statutory basis. Specifically, TEX. OCC. CODE § 2301.610 only requires a disclosure statement when a manufacturer has been <u>ordered</u> to repurchase or replace a vehicle. Because there

4

was no such order in this case, a disclosure statement is not required and the conditions imposed on Keystone in the Dismissal Order lack any statutory foundation.

## G.

### The Obligations Imposed on Keystone in the Dismissal Order Exceed the DMV's statutory authority.

13. The Texas Legislature only requires a disclosure statement in one circumstance: where the DMV orders a manufacturer to repurchase or replace a vehicle. The disclosure requirement is found at TEX. OCC. CODE § 2301.610:

> "DISCLOSURE STATEMENT. (a) A manufacturer, distributor, or converter that has been ordered to repurchase or replace a vehicle shall, through its franchised dealer, issue a disclosure statement stating that the vehicle was repurchased or replaced by the manufacturer, distributor, or converter under this subchapter. The statement must accompany the vehicle through the first retail purchase following the issuance of the statement and must include the toll-free telephone number described by Subsection (d) that will enable the purchaser to obtain information about the condition or defect that was the basis of the order for repurchase or replacement.
>
> (b) The manufacturer, distributor, or converter must restore the cause of the repurchase or replacement to factory specifications and issue a new 12-month, 12,000-mile warranty on the vehicle.
>
> (c) The board shall adopt rules for the enforcement of this section."

14. Here, it is undisputed that no repurchase or replacement order was ever issued by the DMV. Accordingly, the Dismissal Order—which imposes on Keystone a disclosure requirement and the issuance of a new 12-month, 12,000 mile warranty, as well as related notifications to the DMV—impermissibly exceeds the scope of the statute.

5

15.     The DMV's reliance on their own administrative rules to impose a disclosure requirement on Keystone is equally unavailing.  43 Tex. Admin. Code § 215.210 states:

"(4) If a manufacturer, converter, or distributor replaces or repurchases a vehicle pursuant to an order issued by the final order authority, *reacquires a vehicle to settle a complaint filed under Occupations Code, Chapter 2301, Subchapter M or Occupations Code, §2301.204, or brings a vehicle into the state of Texas which has been reacquired to resolve a warranty claim in another jurisdiction*, the manufacturer, converter, or distributor shall, prior to resale of such vehicle, re-title the vehicle in Texas and issue a disclosure statement on a form provided by or approved by the department. In addition, the manufacturer, converter, or distributor reacquiring the vehicle shall affix a disclosure label provided by or approved by the department on an approved location in or on the vehicle. Both the disclosure statement and the disclosure label shall accompany the vehicle through the first retail purchase. No person or entity holding a license or general distinguishing number issued by the department under Occupations Code, Chapter 2301 or Transportation Code, Chapter 503 shall remove or cause the removal of the disclosure label until delivery of the vehicle to the first retail purchaser. A manufacturer, converter, or distributor shall provide the department in writing, the name, address, and telephone number of any transferee, regardless of residence, to whom the manufacturer, distributor, or converter, as the case may be, transfers the vehicle within 60 days of each transfer. The selling dealer shall return the completed disclosure statement to the department within 60 days of the retail sale of a reacquired vehicle. Any manufacturer, converter, or distributor or holder of a general distinguishing number who violates this section is liable for a civil penalty or other sanctions prescribed by the Occupations Code. In addition, the manufacturer, converter, or distributor must repair the defect or condition in the vehicle that resulted in the vehicle being reacquired and issue, at a minimum, a basic warranty (12 months/12,000 mile, whichever comes first), except for non-original equipment manufacturer items or accessories, which warranty shall be provided to the first retail purchaser of the vehicle."

(emphasis added).

6

16.     The DMV's administrative rule impermissibly expands the scope of disclosure requirement set forth by the Legislature in § 2301.610 of the TEX. OCC. CODE. It not only requires disclosure where an order of repurchase or replacement is issued (mirroring the statute), but adds two new circumstances: (1) where a manufacturer reacquires a vehicle to settle a complaint (the case here), and (2) where a manufacturer brings a vehicle into Texas which has been reacquired to resolve a warranty claim in another jurisdiction.

17.     Under well-established Texas law, an administrative agency like the DMV is a creation of the Legislature, and as such has only the powers which are delegated to it, expressly or impliedly, by the Legislature. *State v. Jackson*, 376 S.W.2d 341, 344 (Tex. 1964) (agency has no inherent authority).

18.     An agency may not exercise what is effectively a new power, or a power contradictory to the statute, on the theory that the exercise of such a power is expedient for administrative purposes. *Public Utility Comm'n of Texas v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001); *CenterPoint Energy Entex v. Railroad Comm'n* , 208 S.W.3d 608, 615-16 (Tex. App.—Austin 2006, pet. dism'd w.o.j.).

20.     Here, the Legislature has provided only one circumstance in which a disclosure statement is required:     when the DMV *orders* a repurchase or replacement.    The DMV lacks authority to expand the statute to add additional circumstances.   The canon of statutory construction known as *expressio unius est exclusio alterius*—literally "the specific mention of one is the exclusion of the

7

other"—means that the Legislature's explicit mention or inclusion of one thing signals its intention to exclude the other or alternative thing. *Tex. Bd. of Chiropractic Examiners v. Tex. Medical Ass'n*, 375 S.W.3d 464, 477-78 (Tex. App.—Austin 2012, pet. denied). This well-established rule of statutory construction prevents the DMV from adding additional circumstances under which a disclosure statement is required.

21. *Tex. Bd. of Chiropractic Examiners*, 375 S.W.3d at 481-82, is dispositive here, and makes clear that a state agency cannot engage in administrative rule-making which expands the scope of its statutory authority. In that case, this Court invalidated administrative rules of the Texas Board of Chiropractic Examiners which exceeded the statutory limits of the Texas Occupations Code. Following the same analysis, the DMV cannot expand the disclosure requirement beyond that which is authorized by the Legislature.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Keystone RV Company respectfully requests that Defendant Texas Department of Motor Vehicles be cited to appear and answer, and that on final trial, Plaintiff have judgment of this Court:

a. Reversing the decision of the agency, or remanding the case to agency for further proceedings; and

b. Awarding Plaintiff costs incurred, together with all other relief to which Plaintiff may be justly entitled.

8

Respectfully submitted,

**THE LOWMAN LAW FIRM**

By: _____
          Christopher J. Lowman
          State Bar Number 12636480
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas 77002-4705
Telephone: (713) 752-0777
Facsimile: (713) 752-0778
E-mail: chris@lowmanlaw.com

**Attorneys for Plaintiff**
**Keystone RV Company**



OFFICE OF ADMINISTRATIVE HEARINGS
4000 JACKSON AVENUE • AUSTIN, TEXAS 78731
PHONE: (512) 465-5000 • FAX: (512) 465-5656

DATE: <u>**AUGUST 13, 2015**</u>

NUMBER OF PAGES INCLUDING THIS COVER SHEET: <u>**4**</u>

REGARDING <u>**ORDER NO. 6: DISMISSING CASE**</u>

CASE NUMBER: <u>**15-0100 CAF / WID # 817311**</u>

<u>**HEARINGS EXAMINER: EDWARD SANDOVAL**</u>

| <u>**RECIPIENTS:**</u> | <u>**FAX NUMBER**</u> |
|---|---|
| JAMES D. PIERCE, ATTY. | CERTIFIED MAIL, RRR<br>FIRST CLASS MAIL<br>AND COURTESY COPY VIA EMAIL |
| CHRISTOPHER J. LOWMAN, ATTY. | CERTIFIED MAIL, RRR<br>FIRST CLASS MAIL<br>AND COURTESY COPY VIA EMAIL |
| TxDMV, ENFORCEMENT SECTION | VIA EMAIL |

**NOTE:  IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT OFFICE OF ADMINISTRATIVE HEARINGS (512) 465-5000.**



OFFICE OF ADMINISTRATIVE HEARINGS
4000 JACKSON AVENUE • AUSTIN, TEXAS 78731
PHONE: (512) 465-5000 • FAX: (512) 465-5656

## SERVICE LIST

**STYLE/CASE:**      **LARRY ROCHE, Complainant v. KEYSTONE RV COMPANY, Respondent**

**CASE NUMBER:**      15-0100 CAF / WID # 817311

---

**OAH HEARINGS EXAMINER:**      **EDWARD SANDOVAL**

---

**REPRESENTATIVE / ADDRESS**          **PARTIES**

James D. Pierce
Attorney at Law
1 Sugar Creek Center, Suite 1080
Sugar Land, Texas 77478
(713) 650-0150 (PH)
(713) 650-0146 (FAX)
jim@jamespierce.com          **ATTORNEY FOR COMPLAINANT**

---

Christopher J. Lowman
The Lowman Law Firm
One Allen Center
500 Dallas Street, Suite 3030
Houston, Texas 77002-4705
(713) 752-0777 (PH)
(713) 752-0778 (FAX)
chris@lowmanlaw.com          **ATTORNEY FOR KEYSTONE RV**

---

Texas Department of Motor Vehicles
Enforcement Division
4000 Jackson Avenue
Austin, Texas 78731
(512) 302-2328 (FAX)          **TxDMV, ENFORCEMENT DIVISION**

---

## TEXAS DEPARTMENT OF MOTOR VEHICLES
## CASE NO. 15-0100 CAF

| | | |
|---|---|---|
| LARRY ROCHE,<br>        Complainant | §<br>§<br>§ | BEFORE THE OFFICE |
| v. | §<br>§ | OF |
| KEYSTONE RV COMPANY,<br>        Respondent | §<br>§<br>§ | |
| | § | ADMINISTRATIVE HEARINGS |

### ORDER NO. 6 – DISMISSING CASE

On November 18, 2014, Complainant Larry Roche filed a petition seeking relief pursuant to Texas Occupations Code §§ 2301.604 (Lemon Law) for alleged warrantable defects in a motor vehicle (subject vehicle) manufactured by Respondent Keystone RC Company. On August 12, 2015, Complainant notified the Texas Department of Motor Vehicles (Department) that Respondent has agreed to replace the subject vehicle, and that Complainant no longer desires to pursue the petition filed with the Department. Good cause exists to dismiss the complaint. In accordance with the requirements of Texas Occupations Code § 2301.610 and 43 Texas Administrative Code § 215.210,

**IT IS ORDERED** that:

1. Respondent's communications with Complainant finalizing replacement of the subject vehicle shall be reduced to writing, and a copy thereof shall be provided to the Department within twenty (20) days of completion of the replacement;

2. Should replacement of the subject vehicle include a monetary refund, Respondent shall remit the refund to Complainant and the lienholder as their respective ownership interests require. If clear title to the reacquired vehicle is delivered to Respondent, the full refund shall be paid to Complainant;

3. Respondent shall obtain a Texas title for the reacquired vehicle prior to resale and issue a disclosure statement on a form provided or approved by the Department;[1]

---

[1] Correspondence and telephone inquiries regarding disclosure labels should be addressed to: Texas Department of Motor Vehicles, Enforcement Division-Lemon Law Section, 4000 Jackson Avenue Building 1, Austin, Texas 78731, Phone (512) 465-4076.

4.     Respondent shall affix the disclosure label to the reacquired vehicle in a conspicuous location (*e.g.*, hanging from the rear view mirror). Upon Respondent's first retail sale of the reacquired vehicle, the disclosure statement shall be completed and returned to the Department;

5.     Within sixty (60) days of transfer of the reacquired vehicle, Respondent shall provide to the Department written notice of the name, address and telephone number of any transferee (wholesaler or equivalent), regardless of residence; and

6.     Respondent shall repair the defect or condition that was the basis of the subject vehicle's reacquisition and issue a new 12-month/12,000-mile warranty on the reacquired vehicle.

Subject to the conditions set forth above, this case is hereby **DISMISSED** from the docket of the Texas Department of Motor Vehicles.

**Signed August 13, 2015.**

EDWARD SANDOVAL
CHIEF HEARINGS EXAMINER
OFFICE OF ADMINISTRATIVE HEARINGS
TEXAS DEPARTMENT OF MOTOR VEHICLES

WID # 817311